IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

CRIMINAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:02-CR-0018-CC-CCH |
| JAVADO BARNER | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR DISMISSAL OF PROBATION WARRANT AND REVOCATION PROCEEDINGS**

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Leslie J. Abrams, Assistant United States Attorney for the Northern District of Georgia, and files the Government's Response to Defendant's Petition for Dismissal of Probation Warrant and Revocation Proceedings Due to and Unreasonable Delay and Prejudice.

**INTRODUCTION**

Defendant is seeking to dismiss the pending supervised release revocation proceedings on two general bases. First, Defendant argues that there was an unreasonable delay in conducting a hearing on his violation of the conditions of supervised release. Defendant argues that he was unduly prejudiced because the federal supervised release proceedings were not held during the 32 months he was in state custody for the crimes which form the basis for the revocation. However, there was no delay with regard to the supervised release because Defendant was only recently arrested for violating the conditions

of his supervised release.  The warrant for Defendant's arrest on the violation was executed on October 9, 2012, and Defendant had an initial appearance the next day.  Accordingly, as there is no basis for the claim that there was any undue delay or violation of Defendant's due process rights related to his violation of supervised release, the Court should deny the petition.

Defendant's second claim is that his underlying state convictions for burglary were unconstitutional because the arrest warrant in that matter did not show probable cause.  Thus, Defendant argues that his supervised release cannot be revoked on the basis of those convictions.  The proper forum for Defendant to contest the basis for revocation of his supervised release is at the revocation hearing.  Thus, Defendant's petition is premature and should be denied.

## PROCEDURAL HISTORY

On September 18, 2007, Defendant was convicted of possession with intent to distribute ecstasy.  (Doc. 997).  On December 18, 2007, the Court sentenced defendant to 87 months incarceration and 3 years supervised release.  (Doc. 1018).  On October 15, 2009, the Court granted the Government's Motion for Reduction of Sentence Pursuant to Section 5K1.1 (Doc. 1091), sentencing Defendant to time-served and ordering his immediate release.  (Doc. 1096).  Defendant was placed on Supervised Release for three years. (Doc. 1096).  Accordingly, Defendant's term of

supervised release began on October 15, 2009, and was set to expire on October 14, 2012.

On December 21, 2010, a grand jury sitting in Fulton County returned a nine count indictment charging Defendant with burglary (Count One), theft by taking (Count Two), theft by taking (Count Three), theft by receiving (Count One), obstruction of law enforcement (Count Five), fleeing and attempting to elude (Count Six), possession of a firearm by a convicted felon (Count Seven), burglary (Count Eight), and criminal damage to property (Count Nine). See State of Georgia v. Javado Barner, No. 10SC97743.  On October 10, 2011, Defendant pled guilty to all counts and was sentenced to ten years.  State v Barner, No. 10SC97743 (Final Disposition).

On February 3, 2010, the United States Probation Office filed a Petition and Order to Revoke Supervised Release, and this Court issued a Warrant for Arrest for Violations of the Conditions of Supervised Release on the same date. (Doc. 1101). The United States Marshal's Service filed a detainer with Fulton County on February 8, 2010.  A subsequent detainer was filed with the State of Georgia on October 31, 2011.  Defendant was taken into federal custody on October 9, 2012, and his initial appearance took place in the United States District Court for the Middle District of Georgia on October 10, 2012.

On September 4, 2012, Defendant filed the subject Petition for Dismissal of Probation Warrant and Revocation Proceedings Due to and Unreasonable Delay and Prejudice. (Doc. 1135). On October 9, 2012, Defendant filed an amendment to his petition. (Doc. 1138).

## ARGUMENT

### A. There Has Been No Undue Delay in Commencing the Supervised Release Revocation Proceedings.

Defendant argues that he was prejudiced by an unnecessary delay in conducting a hearing related to his violation of supervised release. He contends that the federal government was required to set his revocation hearing during the 32 months he served in state custody. Defendant relies on Federal Rule of Criminal Procedure 32.1, which provides that "A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." However, Rule 32.1 clearly applies to a person who is in custody for violating supervised release. During the 32 month period that Defendant claims he was prejudiced by an undue delay, Defendant was not in custody for violating his supervised release; rather Defendant was in state custody for the myriad crimes he pled guilty to committing in 2011.

Moreover, Defendant is not deemed to be in federal custody or in custody for the violation of supervised release simply because a detainer was placed on him. A "detainer is merely a

4

notice that the prisoner is wanted to face pending criminal charges...." United States v. Scallion, 548 F.2d 1168, 1173 (5th Cir. 1977)[1].  Defendant was not taken into custody for violating supervised release until October 9, 2012, and his initial appearance occurred on October 10, 2012.  Accordingly, there was no undue delay or resulting prejudice related to the commencement of the subject supervised release revocation proceedings; and Defendant's petition should be dismissed.

    **B.**    **Defendant's Argument that Revocation Based on His Burglary Conviction Properly Should Be Raised at the Revocation Hearing.**

Pursuant to 18 U.S.C. §3583(d), an explicit condition of supervised release is that Defendant shall not "commit another Federal, State, or local crime during the term of supervision...."  Defendant violated the conditions of his supervised release by committing the crimes to which he pled guilty in December of 2011.  18 U.S.C. §3583(e)(3) provides that upon a finding, "by a preponderance of the evidence that the defendant violated a condition of supervised release," the "court may revoke a term of supervised release."  Rule 32.1 requires the Court to hold a revocation hearing unless Defendant waives his right to such a hearing.  Fed. R. Crim. P. 32.1(b)(2).  At this

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

hearing, Defendant has the "opportunity to appear, present evidence and question any adverse witness," and to "make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(2)(C)(E).  Accordingly, the proper time for Defendant to argue that his supervised release should not be revoked on the basis of his state convictions is during the pending revocation hearing.

## CONCLUSION

For the foregoing reasons, Defendant's Petition for Dismissal of Probation Warrant and Revocation Proceedings Due to and Unreasonable Delay and Prejudice should be DENIED in its entirety.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


/s/LESLIE J. ABRAMS
LESLIE J. ABRAMS
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6381
(404)581-6181 (Fax)

Georgia Bar No. 001441
leslie.abrams@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Javado Barner, PRO SE
GDC# 1099144
Sumter County Correctional Institute
352 McMath Mill Road
Americus, Georgia 31719

This 17th day of October, 2012.

/s/LESLIE J. ABRAMS
LESLIE J. ABRAMS
ASSISTANT UNITED STATES ATTORNEY